# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GAINOUS WILLETTA,  No. 2:12-CV-0297-CMK-P

    Plaintiff,

  vs.  ORDER

SACRAMENTO COUNTY JAIL, et al.,

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1 This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: the Sacramento County Main Jail; Sacramento County; the Sacramento County Sheriff's Department; and Officer Vickory, booking officer at the Sacramento County Jail. Plaintiff claims that, during her time at the Sacramento County Jail between January and December 2011, she was the "victim of senseless, excessive force." In particular, plaintiff asserts that defendant Vickory became overly aggressive during a strip search. Plaintiff complains of other alleged acts of excessive force being used against her.

The court finds that the complaint appears to state a cognizable Eighth Amendment claim against defendant Vickory. Plaintiff has not, however, stated a claim against the other defendants, all of which are municipal entities. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.

1  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it
2  is based on nothing more than bare allegations that an individual defendant's conduct conformed
3  to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d
4  621, 624 (9th Cir. 1988).  Plaintiff has not alleged the existence of any policy or custom which
5  resulted in Vickory's conduct.  Plaintiff will be provided an opportunity to amend.

6  Because it is possible that the deficiencies identified in this order may be cured by
7  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
8  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
9  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
10 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the
11 prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.
12 An amended complaint must be complete in itself without reference to any prior pleading.  See
13 id.

14 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
15 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
16 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
17 each named defendant is involved, and must set forth some affirmative link or connection
18 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
19 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20 Because the complaint appears to otherwise state cognizable claims, specifically
21 against defendant Vickory, if no amended complaint is filed within the time allowed therefor, the
22 court will dismiss all municipal defendants and this action will proceed as against Vickory only./
23 / / /
24 / / /
25 / / /
26 / / /

3

1        Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
2 complaint within 30 days of the date of service of this order.
3
4   DATED: June 27, 2012
5
                                          _____
6                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

4