1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    GAINOUS WILLETTA,                           No. 2:12-CV-0297-CMK-P

12                  Plaintiff,

13         vs.                                    <u>ORDER</u>

14    VICKORY,

15                  Defendant.

16    _____/

17

18         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19    42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

20    § 636(c) and no other party has been served or appeared in the action.

21         On January 15, 2013, mail directed to plaintiff was returned by the United States

22    Postal Service as undeliverable.  Pursuant to Eastern District of California Local Rule 183(b),

23    any party appearing pro se must file and serve a notice of change of address within 63 days of

24    mail being returned.   As of May 1, 2013, plaintiff had not notified the court of a change of

25    address and plaintiff has ordered to show cause within 30 days why this action should not be

26    dismissed.  The order was returned as undeliverable and plaintiff has not responded to the court

1

1    in any manner whatsoever.

2          The court must weigh five factors before imposing the harsh sanction of

3    dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

4    U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

5    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

6    the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

7    their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

8    46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

9    appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

10   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

11   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

12   1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

13   inform the district court and parties of a change of address pursuant to local rules.  See Carey v.

14   King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

15         Having considered these factors, and in light of plaintiff's failure to prosecute this

16   action by notifying the court of his current address, the court finds that dismissal of this action is

17   appropriate.

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.     This action is dismissed without prejudice for lack of prosecution and

20   failure to comply with court rules and orders; and

21         2.     The Clerk of the Court is directed to enter judgment and close this file.

22

23   DATED:  July 29, 2013

24                                                                    _____
     CRAIG M. KELLISON
25   UNITED STATES MAGISTRATE JUDGE

26

                                    2