1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GAINOUS WILLETTA,                    No. 2:12-CV-0297-CMK-P

12              Plaintiff,

13        vs.                             <u>ORDER</u>

14   VICKORY,

15              Defendant.

16   _____/

17

18        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19   § 636(c) and no other party has been served or appeared in the action.

20

21        On January 15, 2013, mail directed to plaintiff was returned by the United States

Postal Service as undeliverable.  Pursuant to Eastern District of California Local Rule 183(b),

22   any party appearing pro se must file and serve a notice of change of address within 63 days of

23   mail being returned.   As of May 1, 2013, plaintiff had not notified the court of a change of

24   address and plaintiff has ordered to show cause within 30 days why this action should not be

25   dismissed.  The order was returned as undeliverable and plaintiff has not responded to the court

26

1 in any manner whatsoever.

2      The court must weigh five factors before imposing the harsh sanction of

3 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

4 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

5 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

6 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

7 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

8 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

9 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

10 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

11 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

12 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

13 inform the district court and parties of a change of address pursuant to local rules.  See Carey v.

14 King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

15      Having considered these factors, and in light of plaintiff's failure to prosecute this

16 action by notifying the court of his current address, the court finds that dismissal of this action is

17 appropriate.

18      Accordingly, IT IS HEREBY ORDERED that:

19      1.      This action is dismissed without prejudice for lack of prosecution and

20 failure to comply with court rules and orders; and

21      2.      The Clerk of the Court is directed to enter judgment and close this file.

22

23 DATED:  July 29, 2013

24      _____
        **CRAIG M. KELLISON**
25      UNITED STATES MAGISTRATE JUDGE

26